UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID ENGLAND, <br><br> Plaintiff, <br><br> v. <br><br> MARSHALL COUNTY SHERIFF *et al.*, <br><br> Defendants. | CAUSE NO. 3:21-CV-92 DRL-MGG |

## OPINION & ORDER

The Marshall County Sheriff moved to dismiss all claims brought by David England, a former inmate at the Marshall County Jail, resulting from medical treatment during his four-month detention. In response, Mr. England filed an amended complaint, though this pleading was stricken as inappropriate. The magistrate judge nonetheless gave him until May 26, 2021 to file a proper amended complaint. That amended pleading never came, so the court takes up now the motion to dismiss the original complaint.

## BACKGROUND

As no amended complaint was filed, the court looks to the original complaint to assess the motion to dismiss, taking all well-pleaded facts as true. From December 13, 2018 to April 4, 2019, Mr. England was incarcerated at the Marshall County Jail [ECF 4 ¶¶ 4-5]. He initially informed staff of various cardiac conditions, medical appointments, and medications [ECF 4 ¶¶ 9-10].

During his incarceration, his medication ran out and was not refilled for approximately six weeks, leading to various fainting spells and falls [ECF 4 ¶¶ 15-17]. Jail staff mocked Mr. England's fainting spells and provided no assistance [ECF 4 ¶ 22]. Mr. England was eventually transferred to the hospital for chest pain and an arrythmia [ECF 4 ¶¶ 24-26]. Shortly after he was stabilized, Mr. England

pleaded guilty to the underlying offense and was sentenced and released on April 4, 2019 [ECF 4 ¶¶ 28-29].

Mr. England submitted a tort claim notice to the Marshall County Sheriff [ECF 4 ¶ 33] and filed suit in Marshall Circuit Court against the Marshall County Sheriff and "unnamed medical staff in the employ of the Marshall County Sheriff," alleging negligence and a violation of his Eighth and Fourteenth Amendment rights [ECF 4 ¶¶ 2-3, 40-41]. The complaint appears to be asserted against the sheriff only in his official capacity. The Marshall County Sheriff removed the matter to federal court [ECF 1] and then moved to dismiss [ECF 7].

## STANDARD

In reviewing a motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

The Marshall County Sheriff argues that Mr. England failed to state a *Monell* claim, and the Sheriff's Department is otherwise immune from any remaining state law claims [ECF 8 at 4, 9]. Mr. England's response does not defend against these arguments, except to note that the state law claims

2

should not be dismissed because these claims are also brought against unidentified employees of the Sheriff's Department to be identified during discovery [ECF 11 ¶ 3].

      A. *Mr. England's Complaint Fails to State a Constitutional Claim for Which Relief Can be Granted.*

Mr. England's complaint claims that the Marshall County Sheriff, a governmental entity, violated his constitutional rights by failing to provide adequate medical care. The Marshall County Sheriff moved to dismiss this claim, arguing that Mr. England's complaint did not allege any policy, practice, or custom that violated Mr. England's rights. Mr. England did not respond to this argument.

A plaintiff may sue a municipality under § 1983 for a constitutional violation caused by the municipality through its own policy, practice, or custom. *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). To plead a claim under *Monell*, a plaintiff must allege that: (1) he suffered a deprivation of a federal right (2) as a result of an express municipal policy, a widespread custom, or a deliberate act of a decision-maker with final policymaking authority for the municipality that (3) was the proximate cause of his injury. *King v. Kramer*, 763 F.3d 635, 649 (7th Cir. 2014).

Claims against a sheriff in his official capacity are treated as claims against the municipal entity, and the entity "cannot be held liable for the unconstitutional acts of [its] employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). "The official policy requirement for liability under § 1983 is to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* (citations, internal quotation marks, and emphasis omitted). Though there is no "heightened" pleading standard applicable to *Monell* claims, *White v. City of Chicago*, 829 F.3d 837, 843-44 (7th Cir. 2016), the "plausibility" standard set forth in *Twombly* and *Iqbal* applies, *Gill v. City of Milwaukee*, 850 F.3d 335, 339, 344 (7th Cir. 2017).

Even reading the complaint in the light most favorable to the non-moving party, Mr. England does not allege that the purported constitutional violations were the result of an express policy, a widespread custom, or an act of an authority-wielding policymaker. *See Grieveson*, 538 F.3d at 771. Instead, he pleads three instances of jail employees or others refusing to accept medical records, ignoring his pleas for help, and mocking him, but does not link this behavior to an official policy of providing inadequate medical care [ECF 4 ¶¶ 11, 20, 22]. Though unseemly if true, this conduct also does not allow for the inference of a widespread practice or custom. *See Gill*, 850 F.3d at 344 (isolated incidents do not demonstrate a *de facto* custom or practice). As such, Mr. England's claim against the Marshall County Sheriff must be dismissed.

As for the conduct of the unknown employees, the Marshall County Sheriff argues that because § 1983 creates a cause of action based on personal liability predicated on fault, Mr. England's broad and vague assertion of unknown employees is insufficient to state a claim [ECF 8 at 8]. Again, Mr. England does not respond to this argument.

It is the plaintiff's burden to take the steps necessary to identify the individuals responsible for alleged unconstitutional conduct. *See Strauss v. City of Chicago*, 760 F.2d 765, 770 n.6 (7th Cir. 1985). Indeed, "allowing a complaint to be filed against an unnamed party in the first place is viewed with disfavor" because a "plaintiff cannot seriously expect the unnamed [public employee], who has never been given notice, to know of the lawsuit and appear to file a motion to dismiss." *Id.*; *see also Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15 . . . [or] otherwise help the plaintiff") (internal citations omitted). Because a *Monell* claim is premised on individual responsibility for misdeeds, *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009), because Mr. England has not plausibly alleged any individual capacity claim against the sheriff, and

4

because he has not identified any individuals responsible for the alleged unconstitutional conduct, he has failed to state a claim.

      B. *The Court Declines to Exercise Supplemental Jurisdiction over the Remaining State Law Claims.*

Mr. England also brings state law negligence claims against the Marshall County Sheriff and the unknown employees. However, "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). There are no exceptional circumstances compelling the court to retain supplemental jurisdiction over Mr. England's remaining claims, and thus the court sees no reason to do so. *See* 28 U.S.C. § 1367(c)(3) (a court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction). This dismissal is without prejudice so that Mr. England may pursue his remaining claims in the appropriate forum.

## CONCLUSION

The court GRANTS the Marshall County Sheriff's motion to dismiss [ECF 7], DISMISSES Mr. England's constitutional claims under Fed. R. Civ. P. 12(b)(6), and DISMISSES WITHOUT PREJUDICE Mr. England's state law claims under 28 U.S.C. § 1367(c)(3). Having already been given a right to amend and passed, this order affords no other unless Mr. England moves to amend with a proposed amended pleading on or before December 17, 2021. Else this order terminates the case.

      SO ORDERED.

      December 3, 2021                                               *s/ Damon R. Leichty*
                                                                              Judge, United States District Court